

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| RICHARD L. COLEMAN, § | |
|     Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:14-2996-MGL-PJG |
| § | |
| DENNIS BUSH, Warden, § | |
|     Respondent. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITIONER'S HABEAS PETITION WITHOUT PREJUDICE

    This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Petitioner's habeas petition be dismissed without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 20, 2014, and the Clerk of Court entered Petitioner's objections and his "Notice to Federal Court" on September 4, 2014. The Court has carefully considered the objections and the "Notice to Federal Court," but finds them both to be without merit. Therefore, it will enter judgment accordingly.

Petitioner was convicted of murder, criminal sexual conduct in the first degree, burglary in the first degree, grand larceny, and burglary in the second degree. He was then sentenced to a sentence in excess of life.

This is Petitioner's third federal habeas petition. He filed the first one on March 27, 2002, the second one on March 18, 2004, and the present one on July 23, 2014. Judge Henry Herlong granted the respondent's motion for summary judgment on the basis that the first petition was time barred, *Coleman v. Harrison*, C.A. No. 9-02-1056-HMH (D.S.C. March 3, 2003); and dismissed the second one without prejudice because it was successive, *Coleman v. State of S.C.*, C.A. No. 9-04-1012-20BG (D.S.C. May 6, 2004). As to Petitioner's third petition, the Magistrate Judge suggests that it also be dismissed without prejudice as successive.

In Petitioner's objections to the Report, although not entirely clear, he appears to argue that this petition is not successive because his other petitions were dismissed for failure to exhaust his state remedies. As his argument seems to go, he has now exhausted his state remedies so he can file this petition without securing permission from the Fourth Circuit to file a successive petition. And, if his previous petitions had been dismissed on failure-to-exhaust grounds, he might have a colorable argument. After all, "[s]ince the passage of the [Antiterrorism and Effective Death Penalty Act], courts, including the Supreme Court, have concluded that certain § 2254 and § 2255 motions that were dismissed for reasons such as unripeness, failure to exhaust state remedies, or failure to pay

2

filing fees are not counted in determining whether a later motion is 'second or successive.'" *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999) (collecting cases).  But, neither of Petitioner's previous petitions were dismissed on account of his failure to exhaust his state remedies.  Instead, as noted above, his first petition was dismissed because it was time barred.  And, his second one was dismissed as successive.  Therefore, this objection will be overruled inasmuch as the present petition is in fact successive.

Petitioner also contends in his objections that, pursuant to *United States v. Cotton*, 535 U.S. 625 (2002), he retains the ability to challenge the state circuit court's subject matter jurisdiction over his case.  He made the same objection to Judge Herlong in his first petition.  In response to the objection, Judge Herlong stated,

> While generally issues of subject matter jurisdiction can be raised at any time, that rule does not apply to the jurisdictional allegation in this case.  However, even if this claim was not barred by the statute of limitations, it is without merit.  *See Wright v. Angelone*, 151 F.3d 151,158 (4th Cir. 1998).  A federal habeas court will not resolve an issue contrary to the state's highest court on a claim alleging a jurisdictional defect which rests solely on the interpretation of a state law "absent a showing of a complete miscarriage of justice."  *Id.* (internal quotation omitted).  The PCR court determined that Coleman's jurisdictional allegation was without merit, and the supreme court denied certiorari.  In addition, Coleman has failed to establish that the state court's decision creates a "complete miscarriage of justice."

*Coleman v. Harrison*, C.A. No. 9-02-1056-HMH, slip op. at 5-6 (D.S.C. March 3, 2003) (footnote omitted).  Thus, Judge Herlong overruled the objection.  But, this Court need not reach the question of whether the claim is timely or has any merit.  Rather, the Court overrules the objection in this case because Petitioner's petition is successive.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 10th day of September, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.